WILLIAM R. GAINES *et al.*, Appellants, *v.* JACOB CARRIKER, Respondent.

1. *Evidence — Land titles — Will, to be received as evidence, must be shown to affect the land.* — In a suit in ejectment, a will offered to show title must be shown to embrace the land in controversy. Unless this is done, the will is not competent evidence.

Gaines et al. v. Carriker.

*Appeal from Linn Circuit Court.*

*A. W. Mullins,* for appellants.

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs sued in ejectment to recover the possession of certain real estate lying in Linn county, and derived their title as an original source from the will of James Morrison, deceased. The will was executed in Kentucky in 1820, and among other clauses of a like nature the testator devised " to Joseph Beckett," etc., "three thousand dollars' worth of land, to be valued to him according to the valuation contained in the aforesaid list." It seems from the will that the testator was possessed of a large quantity of real estate, and that in devising the same he had made out a schedule or list, and affixed a valuation to the respective tracts or parcels. The plaintiffs claim through Beckett, and they offered to read the will of Morrison in evidence to show title in themselves. This, upon objection being made, was excluded by the court. Upon the rejection of the will the plaintiffs took a nonsuit, without even attempting to accompany it with other proofs. The will was a necessary link in the chain of evidence, but by itself it was wholly insufficient. Something more than the production of the will was necessary to show that this specific land passed under the provisions of the will. The record does not show that the list was ever offered in evidence, and yet this was indispensable to prove that the land in controversy belonged to the testator and was a part of the real estate devised. The court could not know without proof that the land in question was ever owned by the devisor or intended to be affected by the will. The will on its face did not convey the land sued for. Had the plaintiffs offered the list with the will, or proposed to follow up the will with the introduction of the list, the case would be presented in an entirely different attitude. But, as it is, we cannot see that the court erred. This is the only question in the case that is deemed of any consequence.

Let the judgment be affirmed. Judge Bliss concurs. Judge Adams absent.